**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-2294**

ANASTASIA Y. ZMEEVA,

                Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Department of Homeland Security.

Submitted: April 30, 2012           Decided: May 15, 2012

Before WILKINSON, NIEMEYER, and KEENAN, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Michael F. Leban, LEBAN & ASSOCIATES, P.C., Virginia Beach, Virginia, for Petitioner. Stuart F. Delery, Acting Assistant Attorney General, Mary Jane Candaux, Assistant Director, David H. Wetmore, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anastasia Y. Zmeeva, a native and citizen of Russia, petitions for review of a final administrative removal order issued by the Department of Homeland Security, finding she is removable because she was not lawfully admitted for permanent residence and she was convicted of an aggravated felony. Zmeeva claims that her conviction was not an aggravated felony. We dismiss the petition for review.

Under 8 U.S.C. § 1252(a)(2)(C) (2006), this court lacks jurisdiction to review any final order of removal against an alien who is removable for having committed an aggravated felony. However, the court retains jurisdiction to ascertain whether in fact the petitioner is an alien and has been convicted of a relevant offense. Ramtulla v. Ashcroft, 301 F.3d 202, 203 (4th Cir. 2002). Once the court confirms these two factual determinations, then, under 8 U.S.C. § 1252(a)(2)(C), (D), it can only consider constitutional claims or questions of law. See Mbea v. Gonzales, 482 F.3d 276, 278 n.1 (4th Cir. 2007). The court reviews legal issues, including the question of whether a particular offense is an aggravated felony, de novo. Id. at 279. Under 8 U.S.C. §§ 1101(a)(43)(m), (u) (2006), an aggravated felony includes a conspiracy to commit fraud in which the loss to the victim exceeds $10,000.

Because Zmeeva was convicted of a statute that criminalizes conduct that does and does not involve a fraud offense in which the loss to the victim exceeds $10,000, this court must apply a "modified categorical approach." Soliman v. Gonzales, 419 F.3d 276, 285 (4th Cir. 2005). Under this approach, the court must determine whether a defendant's specific conduct qualifies as an aggravated felony by looking "to the terms of the charging document" and, if necessary in a nonjury case, to "the terms of a plea agreement," the "transcript of colloquy between judge and defendant," or "some comparable judicial record" revealing the "factual basis for the plea." Shepard v. United States, 544 U.S. 13, 26 (2005). An order of restitution and a stipulation as to the amount of loss are also proper references. Nijhawan v. Holder, 557 U.S. 29, __, 129 S. Ct. 2294, 2303 (2009).

We have reviewed the record and conclude that the evidence supports the finding that Zmeeva's conviction was for an aggravated felony. She acknowledged that one of the objects of the conspiracy was to commit a fraud upon the United States Navy. In addition, she was ordered to pay restitution to the victim in the amount of $36,514.52.

Because Zmeeva was convicted of an aggravated felony and she does not raise a constitutional claim or a question of law, we dismiss the petition for review for lack of

3

jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED